## MONTICELLO INSURANCE COMPANY, Plaintiff–Appellant,

### v.

**FRAMCO CONSTRUCTION INC.,**
Defendant–Appellee.

No. 99–17549.

D.C. No. CV–96–00503–DLJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2001.

Decided Aug. 16, 2001.

Before SCHROEDER, Chief Judge,
D.W. NELSON and RAWLINSON,
Circuit Judges.

### MEMORANDUM *

This suit was filed to rescind an insurance policy issued to Framco Construction

---

1. The Clerk shall file the Supplemental Excerpts of Record received from appellant on August 7, 2001.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Inc. ("Framco") by Monticello Insurance Company ("Monticello"). Monticello alleges the district court erred by allowing Framco to admit evidence that James Crosser, doing business as Framco Construction Corp, was the insured party, not Framco Inc. Monticello also alleges the district court erred by finding it waived its right to rescind the insurance agreement and was guilty of laches. We find the district court properly looked at extrinsic evidence to determine the intent of the parties.[1] We also find that the district court's findings regarding waiver, laches and estoppel, are fully supported by the evidence.

AFFIRMED.

---

1. California Code of Civil Procedure section 1856, subdivision (a) (the parol evidence rule) provides that "[t]erms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Subdivision (g) of section 1856 provides, however, that "[t]his section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in Section 1860, or to explain an extrinsic ambiguity or otherwise interpret the terms of the agreement...." California Code of Civil Procedure section 1860 provides: "For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the Judge be placed in the position of those whose language he is to interpret." Finally, California Civil Code section 1647 reads: "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." *See also Morey v. Vannucci,* 64 Cal.App.4th 904, 75 Cal.Rptr.2d 573, 578 (Cal.Ct.App.1998) (finding "[e]xtrinsic evidence is...admissible to interpret" a contract so long as the "evidence is not used to give the instrument a meaning to which it is not reasonably susceptible").

